UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ADERIUS BINGHAM | ) | |
| | ) | |
| v. | ) | No. 3-18-cv-1335 |
| | ) | (Crim. No. 3:13-cr-00208-2) |
| UNITED STATES OF AMERICA | ) | |

**MEMORANDUM OPINION AND ORDER**

Aderius Bingham's 4-page Amended Petition for relief under 28 U.S.C. § 2255 with incorporated memorandum of law (Doc. No. 11) has led to a 19-page response from the Government (Doc. No. 27). As it turns out, resolution of the issues presented are relatively straight-forward based upon controlling Sixth Circuit precedent, and not nearly as complex as the briefing would tend to suggest.

**I. Background**

On October, 2013, a federal grand jury returned a 7-count Indictment against Bingham and two others. All three were charged with conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. §§ 1951 and 2 (Count One), and with Hobbs Act robbery in violation of 18 U.S.C. § 1951 (Count Six). Bingham was charged with an additional Hobbs Act robbery in Count Two. Count Three charged Bingham with possessing and brandishing a short-barreled shotgun during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2. Finally, in Count Seven, Bingham was charged with carrying and brandishing a firearm during a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2.

On May 5, 2017, Bingham entered into an 11(c)(1)(C) plea agreement with the Government. (Case No. 3:13-cr-00208, Doc. No. 193). Under the terms of the plea agreement, Bingham pled guilty to Counts One, Two, Six, and Seven, and the Government agreed to dismiss Count Three.

The parties also agreed that a 160-month sentence was appropriate.

The plea agreement contained a "Waiver of Appellate Rights" provision. Under it, Bingham agreed to waive (1) "all rights to appeal any issue bearing on the determination of [guilt]; and trial rights that might have been available if [he] exercised his right to go to trial"; (2) "the right to challenge the sentence imposed"; and (3) the right to make "any collateral attack." (Id. at 12-13). However, specifically excepted from the waiver were claims of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel. (Id. at 13).

On December 4, 2017, the Court accepted the plea agreement. In accordance with the terms of the agreement Bingham was sentenced to a total term of imprisonment of 160-months, consisting of 76 months on Counts One, Two, and Six, and a consecutive sentence of 84-months on Count Seven. No appeal was filed.

## II. Ineffective Assistance of Counsel

The Amended Petition references page 3 of Bingham's original motion and states that "counsel refused to file an appeal," and therefore Bingham should be granted "a delayed appeal" because "the failure to file an appeal raises a presumption of prejudice." (Doc. No. 11 at 1-2, citing Garza v. Idaho, 139 S. Ct. 738 (2019)). As a consequence of that allegation, the Government secured a declaration from Richard Tennent, Bingham's trial counsel. Regarding what occurred after the agreed upon 160-month sentence was imposed, Tennent states:

> . . . I met with Mr. Bingham and explained to him, in terms that I thought he could understand, that he had an absolute right to file an appeal, but I did not believe an appeal could help him in any way. I said that because the judge had accepted our agreement, and imposed the sentence we had asked for, we did not have anything to complain about, or ask the Court of Appeals to do for us. I understood that he agreed with my advice and did not want to file notice of appeal. At no time during this conversation did he ask for any paperwork. He did not ask that I give him the form

2

Notice of Appeal, or file it on his behalf.  He never told me to file Notice of Appeal. (Doc. No. 27-1, Tennent Decl. ¶ 8).  At the conclusion of that conversation on December 4, 2017, Tennent told Bingham that this "would likely be the last time [he] saw him."  (Id.).  However, a week later, Tennent received a phone message purportedly from one of Bingham's friends, who said that Bingham now wanted to appeal. (Id. ¶ 9).  Accordingly, on December 14, 2017, Tennent drove to the West Tennessee Detention Facility, whereupon Bingham told Tennent (1) "he had no objection to his 160-month sentence"; (2) "he was fine with the agreement he had reached, and he did not want to undo it"; and (3) "[h]e agreed he did not want to appeal."  (Id.).

Bingham has offered nothing to challenge Tennent's assertions.  However, to prevail on his ineffective assistance of counsel claim Bingham must show both that counsel was deficient, and that this deficient performance resulted in prejudice.  Strickland v. Washington, 446 U.S. 668 (1984). Based upon the unrebutted evidence before the Court, Bingham has not established deficient performance because Tennent did all, if not more, than what was required.  In Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000), the Supreme Court held that "[i]n those cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, . . . counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing."  Here, Tennent consulted with Bingham about the propriety of an appeal, even though Bingham received exactly what he bargained for in the plea agreement, and even though Bingham never told Tennent that he wanted to appeal.

In may be that Bingham has not contradicted Tennent's declaration because Bingham never
3

intended to bring a standalone claim for ineffective assistance of counsel in the first place. The original motion[1] contains only one claim: his conviction on the 924(c) charge as set forth in Count Seven and the consequent consecutive 84-month sentence was unlawful under Mathis v. United States, 124 S. Ct. 2243 (2016). Bingham's only request for relief was that the Court "vacate petitioner's 924(c) sentence." (Doc. No. 1 at 7). He did not request that he be allowed a delayed appeal, which would be the remedy for an ineffective assistance of counsel claim. Campbell v. United States, 686 F.3d 353, 360 (6th Cir. 2012). In fact, the phrase "ineffective assistance of counsel" is not mentioned in either his original motion or supporting memorandum. Instead, the only thing that even comes close is Bingham's statement – in response to the form question as to why he did not appeal – that "counsel refused to appeal the issue because precedent foreclosed it." (Doc. No. 3).

Arguably, "refused" could be read as being in response to a request. Even so, Bingham cannot meet the prejudice prong of Strickland because counsel was correct – precedent foreclosed the argument that a Hobbs Act robbery was not a crime of violence. In fact, just two months before his plea, the Sixth Circuit "join[ed] [its] sister circuits in ruling that Hobbs Act robbery constitutes a crime of violence" for purposes of § 924(c)(3)(A). United States v. Gooch, 850 F.3d 285, 292 (6th Cir. 2017). In doing so, the Sixth Circuit specifically rejected the contention that Mathis required otherwise. Id. at 291. Accordingly, Bingham could not have been prejudiced by the failure to file an appeal, and any claim for ineffective assistance of counsel fails for this reason as well.

---

[1] Where an amended petition under Section 2255 refers to or adopts portions of the original petition, it does not supplant the original petition and a court is required to consider the original petition as well. Braden v. United States, 817 F.3d 926, 931 (6th Cir. 2016).

4

### III. Waiver

Recognizing that the plea agreement contained a waiver of appellate rights, Bingham argues that it is unenforceable because the Sixth Circuit in Vowell v. United States, 938 F.3d 260, 267 (6th Cir. 2019) held that, notwithstanding such a waiver, a defendant is not prohibited from collaterally asserting that a change in the law makes his sentence longer than that authorized by statute. Based upon his belief that his Section 924(c) conviction is not longer valid, Bingham reasons that his 84-month consecutive sentence is necessarily in "excess of the statutory maximum" within the holding of Vowell.

In response, the Government spends a couple of pages arguing that the plea agreement was a binding contract. It then spend several more pages trying to demonstrate that Vowell was wrongly decided because it relied on language from United States v. Caruthers, 458 F.3d 459, 472 (6th Cir. 2006), which the Sixth Circuit in Slusser v. United States, 895 F.3d 437, 439 (6th Cir. 20018) had already determined to be *dicta*. Nowhere does the Government cite Judge Trauger's recent decision in Daniels v. United States, No. 3:16-CV-01551, 2019 WL 4167325, at *4 (M.D. Tenn. Sept. 3, 2019), which discussed the interplay between Vowell, Caruthers, and Slusser and then followed Vowell because Slusser rested on the "misunderstanding that Caruthers's appellate waiver statement was *dicta*, and therefore not binding." Vowell, 938 F.3d at 266.

Even though the Court agrees with Judge Trauger for the reasons stated in Daniels, whether Bingham waived his challenge by virtue of the plea agreement is really an academic exercise because his claim fails on the merits. See United States v. Portis, No. 1:12 CR 00131, 2020 WL 3893526, at *2 (N.D. Ohio July 9, 2020) (declining to discuss waiver and the parties' different interpretation of Vowell "[b]ecause the Court is rejecting defendant's claim on the merits"). That is, where a

5

waiver or forfeiture "analysis adds nothing but complexity to the case," United States v. Sharp, 689 F.3d 616, 618 (6th Cir. 2012), the Court can "simplif[y] the analysis" by "just cut[ting] to the merits," Porter v. United States, 959 F.3d 800, 802 (6th Cir. 2020).

### IV. Section 924(c) and Hobbs Act Robbery

Substantively, Bingham raises two overarching arguments. First he claims that the Hobbs Act is an indivisible statute within the meaning of Mathis, and therefore the Court can look only to the statute (and not the Indictment or underlying facts) in determining whether his actions constituted a crime of violence. In so doing, however, he acknowledges that the Sixth Circuit held otherwise in Gooch. Second, he presents a constitutional challenge to his section 924(c) conviction based upon the recent Supreme Court decision in United States v. Davis, 139 S. Ct. 2319 (2019). In response, the Government repeatedly argues that the Hobbs Act is divisible, and that Hobbs Act robbery is a crime of violence for purposes of Section 924(c). Such repetition is unnecessary because circuit law is clear.

As already noted, the Sixth Circuit in Gooch held that "Hobbs Act robbery constitutes a crime of violence," 850 F.3d at 292, notwithstanding Mathis.[2] (6th Cir. 2017). Since then, the Sixth Circuit has repeatedly reaffirmed that holding, and the recent decision of the Supreme Court in Davis does not change things.

Davis dealt with the residual clause of Section 924(c), which includes felonies "that by [their] nature, involv[e] a substantial risk that physical force against the person or property of another may

---

[2] Mathis dealt with the issue of whether an Iowa burglary conviction could be used to enhance a sentence under the Armed Career Criminal Act ("ACCA"). The Supreme Court held that it could not because the burglary statute was divisible, meaning that the sentencing court could not look to the underlying charging documents to determine whether the burglary was actually a "violent felony."

6

be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). This is distinct from the elements (or use of force) clause that increases punishment for a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Id. Just as it had with the residual clause defining "crime of violence" under the Immigration and Nationality Act in Sessions v. Dimaya, 138 S. Ct. 1204 (2018), and just as it had with the residual clause under the ACCA in Johnson v. United States, 576 U.S. 591 (2015), the Supreme Court found the residual clause of section 924(c) unconstitutional. None of this helps Bingham, however.

Post-Davis, *conspiracy* to commit Hobbs Act robbery cannot serve as the predicate crime for a section 924(c)(3) enhancement because it relies on the residual and not the elements clause. United States v. Ledbetter, 929 F.3d 338, 361 (6th Cir. 2019); Baugh v. United States, No. 3:16-CV-02628, 2020 WL 409728, at *3 (M.D. Tenn. Jan. 24, 2020) However, as the Sixth Circuit held in Gooch, the *substantive* crime of robbery affecting commerce qualifies as a crime of violence under the elements clause of § 924(c)(3)(A), and this remains so even after Davis. Porter v. United States, 959 F.3d 800, 802-804 (6th Cir. 2020) (acknowledging Davis, but noting that history, commonsense and precedent "suggest that robbery with a deadly weapon involves an element of physical force," and that the Sixth Circuit has "repeatedly rejected the argument" that "Hobbs Act robbery doesn't qualify as a 'crime of violence,'" as have "every other circuit to address the question"); United States v. Holmes, 797 F. App'x 912, 918 (6th Cir. 2019) (noting that Davis "left § 924(c)(3)(A)'s elements clause definition of 'crime of violence' intact" and that "Hobbs Act robbery qualifies as a crime of violence under § 924(c)'s elements clause"). In other words, "Davis d[id] not gut the entire statute," United States v. Richardson, 948 F.3d 733, 741 (6th Cir. 2020), and the "court's determination in

7

Gooch that Hobbs Act robbery is a crime of violence under the use-of-force clause still stands," Simpson v. United States, No. 19-1665, 2020 WL 3286221, at *1 (6th Cir. Jan. 7, 2020).

In this case, Bingham was charged in County One with conspiracy to commit Hobbs Act robbery between June 11, 2013, and July 3, 2013. However, he was also charged in Count Six with Hobbs Act robbery for a robbery that occurred on June 22, 2013, and it was this specific robbery that served as the predicate crime for use of a firearm in relation to a crime of violence as alleged in Count Seven and led to his consecutive 84-month sentence.

## V. Conclusion

On the basis of the foregoing, Bingham's Motion (Doc. No. 1) and Amended Petition (Doc. No. 11) to Vacate, Set Aside or Correct Sentence under Section 2255 are **DENIED**. Further, a certificate of appealability will not issue because no reasonable jurist could conclude that Bingham is entitled to relief under controlling precedent.

The Clerk is directed to enter a judgment under Rule 58 of the Federal Rules of Civil Procedure, and close this case.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE